In re BROWN et al.

(Circuit Court of Appeals, First Circuit. May 12, 1917.)

No. 1244.

1. RECEIVERS ⬤⟿58—DISAPPROVAL OF APPOINTMENT OF RECEIVER—JURISDICTION.

Judicial Code (Act March 3, 1911, c. 231) § 56, 36 Stat. 1102 (Comp. St. 1916, § 1038), provides that where, in any suit in which a receiver shall be appointed, the subject of the suit lies within different states, the receiver shall, upon giving bond, be vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within such circuit, subject, however, to the disapproval of the appointment within 30 days thereafter by the Circuit Court of Appeals, or by a Circuit Judge, and that the disapproval of such appointment shall divest such receiver of jurisdiction over all such property, except that portion lying within the state in which the suit is brought. Section 129 (Comp.

St. 1916, § 1121) authorizes an appeal to the Circuit Court of Appeals from any decree appointing a receiver. *Held*, that section 56 does not authorize a Circuit Judge or the Circuit Court of Appeals in an original proceeding to disapprove the appointment of the receiver, but only to disapprove his assumption of jurisdiction and control of property outside of the district in which he is appointed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 97–102.]

2. RECEIVERS ☞58—DISAPPROVAL OF ORDER—TIME FOR PROCEEDINGS.

An original proceeding to have the Circuit Court of Appeals or a Circuit Judge disapprove an order under which a receiver appointed by the District Court is exercising control over property outside the district in which he was appointed, under Judicial Code, § 56, will be dismissed, where the order of disapproval was not obtained within 30 days from the time the original decree was granted.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 97–102.]

Bingham, Circuit Judge, dissenting in part.

Original proceeding by Edward F. Brown and others for disapproval of an order appointing a receiver, which proceeding was ordered filed in the Circuit Court of Appeals by the Circuit Judge to which the application was presented. On motions to dismiss petition. Petition dismissed.

Conrad W. Crooker, of Boston, Mass., for petitioners.

Boyd B. Jones, of Boston, Mass., for respondent Intercontinental Rubber Co.

George L. Mayberry, of Boston, Mass., for respondent Boston & M. R. R.

Before BINGHAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. This is an original proceeding addressed to Hon. George H. Bingham, United States Circuit Judge for the First Circuit, asking, under the authority of section 56 of the Judicial Code, that he disapprove of an order of the District Court of Massachusetts appointing a temporary receiver of the Boston & Maine Railroad, upon the ground that the District Court was induced to make the appointment by alleged misrepresentations in respect to the financial condition of the railroad, as well as by omissions of material statements in respect to its financial condition. After certain preliminary proceedings, it was ordered by Judge Bingham that the application be filed in the Circuit Court of Appeals for the First Circuit, that a hearing thereon might be had by such court.

[1] The parties here have raised questions as to time, and questions as to whether the relief should have been sought through a motion in the original proceeding, rather than by a complaint like this. But we prefer to deal with the single question whether section 56 of the Judicial Code was intended to confer upon a Circuit Judge, or upon Circuit Courts of Appeals, authority, not upon appeal, but by original proceeding, to go into the merits of the question of the legality of the appointment of a receiver by a District Court, or whether such section was intended merely to give a Circuit Judge or Circuit Courts of Appeals, under an original proceeding, authority to

disapprove of the assumption of jurisdiction and control by the receiver of property outside of the district in which he was appointed, without any order of court in the outside district.

We think section 56 was intended merely to confer upon a Circuit Judge, or upon Circuit Courts of Appeals, authority to disapprove of the automatic phase, so to speak, of section 56, which makes the order operate outside the district, and that if it should be found the receiver appointed in one district, where the property lies in different states in the same judicial circuit, should not control the property in districts or states outside of the district in which he was appointed, a Circuit Judge or the Circuit Court of Appeals might declare against it.

Section 129 of the Judicial Code provides for an appeal to the Circuit Court of Appeals from any decree appointing a receiver. Thus it is open, in that way, to any proper party who is aggrieved by the appointment of a receiver to raise the question as to the propriety or legality of the appointment.

It is important to note that the appeal is to the full Circuit Court of Appeals as such. It does not stand to reason that Congress would accumulate remedies against receivership appointments by conferring upon a single Circuit Judge authority to go into the merits of the question of the original appointment, when it had already provided for an appeal direct from the decree or order of appointment to the full Circuit Court of Appeals. It is plain that Congress intended that the substantive question whether there should be a receivership should be reviewed upon appeal, if reviewed at all, by the Circuit Court of Appeals, and not by a single Circuit Judge.

Direct appeal from the original order would seem to be the natural and intended remedy of an aggrieved party against the appointment of a receiver. By reference to documents and communications submitted to Senators, members of the House and committees of Congress, as shown by the Congressional Record, Sixty-First Congress, Third Session, December 14, 1910 (see, also, Judicial Code, § 56, note), with reference to a pending bill to abolish the Circuit Courts, it will be seen that the thought was expressed that the abolishment of the Circuit Courts would leave a situation which would present conflicts and difficulties resulting from the exercise of jurisdiction by the different District Courts within the circuits appointing independent receivers over the same properties.

It is obvious that Congress, under section 56, intended to relieve that supposed difficulty by making the original appointment of a given District Court operative under the same receiver in other districts or states, upon giving bond, subject to disapproval by Circuit Judges or Circuit Courts of Appeals; not disapproval of the original receivership appointment, but of the exercise of jurisdiction by the same receiver outside of the district in which he was appointed. This theory finds cogent support in that sentence of section 56 which declares that the disapproval of such appointment within 30 days shall divest such receiver of jurisdiction over all such property, except that portion thereof lying or being within the state in which the suit is brought. Thus it is clearly shown that Congress did not intend that the disap-

proval of the Circuit Judge or of the Circuit Court of Appeals under a proceeding like the one before us should touch the question as to the propriety of the original receivership appointment.

This proceeding is neither aptly nor in substance for a disapproval of the exercise of jurisdiction of the receiver outside of the district in which he was appointed, but one to disapprove of the original order of receivership. The exact prayer is that "your honor [the Circuit Judge] disapprove the aforesaid order appointing a receiver for the defendant, Boston & Maine Railroad"; thus expressly praying in this proceeding, under section 56, for an entire disapproval of the decree of receivership in the Massachusetts district.

As the remedy to that end rests in the right of appeal from the original order, under section 129 of the Judicial Code, we think the Circuit Court of Appeals, in an original proceeding like this presented to a Circuit Judge, and by him referred to the Circuit Court of Appeals, has no jurisdiction to inquire into the merits of the original order. Its only authority under section 56 is to inquire into the question whether the original receiver should exercise jurisdiction over property outside of the district in which he was appointed.

It does not seem a possible view that Congress, having provided for an appeal from an original order through section 129, could have intended under section 56 to provide for an outside collateral trial of the merits of such order, either for the purpose of sweeping disapproval on the merits, or for purposes of outside disapproval on the merits of the original order, because, if such were the construction, under the circumstances of the express reservation in section 56, which leaves the order operative in the district where it was granted, you would still have a receivership operative in the original district, on the ground that the order was valid and not appealed from, and inoperative in the outside districts under a collateral finding that the original appointment was fraudulently obtained.

We accept the view that this petition for disapproval is based upon the theory that the disapproval, if it results at all, is to result from a finding in this proceeding that the appointment in Massachusetts was procured by fraud, and we are compelled to accept this view because no other ground is suggested. If the statute should be construed as contemplating outside disapproval upon such ground, a disapproval might follow, and as a result there would be the anomalous, if not grotesque, legal situation of an outside collateral disapproval on the ground of fraud in the original decree, which would mean no receivership in the outside districts, while, under the express provision of section 56, the Massachusetts end of the receivership would be operative. Such would be an unworkable situation, and one presenting a diversity of management which would be disastrous to a corporation whose property, the subject of the suit, lies within different states in the same judicial circuit.

There might be business relations which would justify disapproval of outside jurisdiction and control by the original receiver, or personal, prudential, and perhaps other reasons, not going to the merits of the question whether there should be a receivership, why the same receiver should not act in all the outside districts, and reasons which

might become the ground, not for inquiring into the legality of the original receivership decree, but grounds for disapproval of its outside operativeness.

While the scope or the extent of the territorial operativeness of a receivership appointment under section 56 in one district of a circuit, where the property lies within different states in the same judicial circuit, is made subject to the disapproval of a Circuit Judge and of Circuit Courts of Appeals, it is clear that the plain, adequate, and sole intended review of the legality of the receivership decree is by appeal by the aggrieved party under section 129 of the Judicial Code direct from the court making the order to the Circuit Court of Appeals for the circuit.

The petition is dismissed, with costs.

BROWN, District Judge. For the reasons stated in the opinion of Judge ALDRICH, in which I concur, and for the further reason that the time has elapsed within which, under section 56 of the Judicial Code, an order of disapproval might have been made, I am of the opinion that the motions to dismiss for lack of jurisdiction must be granted.

Though my Associates assign different grounds for a dismissal, there is no inconsistency in such grounds; and I am of the opinion that each is right in his conclusion that this court is without jurisdiction, and in the reasons assigned therefor.

BINGHAM, Circuit Judge. [2] I am unable to agree with the opinion of Judge ALDRICH as to the construction placed upon the petition or the grounds there stated for its dismissal. It seems to me, however, that the authority conferred upon a Circuit Judge or Circuit Court of Appeals on a petition to disapprove, brought under section 56 of the Judicial Code, is of a summary nature, necessitating the use of affidavits and the adoption of such methods as will facilitate a speedy determination of the questions presented, and that, as an order of disapproval was not obtained in this case within 30 days from the time the original decree was granted, as required by section 56, the motions to dismiss the petition should be granted.